IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 27, 2000

## STATE OF TENNESSEE v. JAMES E. HARMAN, JR.

**Appeal as of Right from the Criminal Court for Sullivan County**
**No. S42,557     R. Jerry Beck, Judge**

_____

**No. E2000-00437-CCA-R3-CD**
**March 21, 2001**
_____

In October of 1999, the defendant pled guilty to one count of theft over one-thousand dollars ($1,000.00) and one count of possession of less than .5 ounces of marijuana. His plea form indicated that he agreed to receive concurrent sentences of five and one-half years as a Range II, multiple offender for the former offense and eleven months and twenty-nine days for the latter.[1] Subsequently, the trial court conducted a hearing to determine the manner in which these sentences were to be served. At the conclusion of such hearing, the trial court denied the defendant any form of alternative sentencing, and it is this denial that the defendant contests through his appeal. However, after having reviewed the record and applicable authorities, we find this contention to be without merit and, therefore, affirm the trial court's sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., and JAMES CURWOOD WITT, JR., joined.

Terry L. Jordan, Blountville, Tennessee, for the appellant, James E. Harman, Jr.

Paul G. Summers, Attorney General & Reporter; Peter M. Coughlin, Assistant District Attorney; Mike Flynn, District Attorney General and Jim Goodwin, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

On January 4, 1999, security guards at the Bristol Regional Medical Center observed the defendant removing from the establishment various items having a total value of over one-thousand dollars ($1,000.00). The articles belonged to the hospital. Though the defendant claimed that a hospital employee with whom he had maintained some contact for over a month had given him

---

[1] The trial court also fined the defendant two hundred fifty dollars for the drug offense.

permission to take these possessions, the defendant could not provide the person's name nor state where this individual worked within the hospital. No such person was ever located. However, 1.8 grams (less than .5 ounces) of marijuana were found and confiscated by the guards. The substance had fallen out of the defendant's pocket while he was removing his hand therefrom.

As above noted, the defendant pled guilty to the theft over one-thousand dollars ($1,000.00) and to possession of less than .5 ounces of marijuana, receiving the aforementioned agreed upon sentences for both. No agreement existed, however, concerning the manner in which these sentences would be served. At the hearing on this matter, the defendant attempted to prove himself an appropriate candidate for alternative sentencing. To this end, he stated that he "took full responsibility for what has happened;" noted his various medical problems;[2] indicated that following this arrest he had completed two in-patient drug treatment programs and continued with out-patient care around four times a week through organizations such as Narcotics Anonymous; had the support of his wife and mother-in-law; etc. However, the hearing and pre-sentence report also divulged less flattering information such as his criminal history; previous performance while on some type of release status like probation; and details casting doubt on his veracity. With these facts the trial court determined that "it would not be in the best interest of the public or the defendant to grant Alternative Sentencing in this case." Through this appeal the defendant avers that the denial of such constitutes error.

## STANDARD OF REVIEW

"When reviewing sentencing issues ..., the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Id.

## ALTERNATIVE SENTENCING

Turning more specifically to the issue of alternative sentencing, we find that the defendant failed to prove himself suitable for this option. Because he is a Range II, multiple offender, he is not entitled to the statutory presumption that such sentencing would be appropriate in his case. See Tenn. Code Ann. § 40-35-102(5), (6). Furthermore, among the recognized proper considerations justifying confinement are that incarceration is "necessary to protect society by restraining a defendant who has a long history of criminal conduct" or that "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(A), (C). The record presently before this Court reveals that the trial court based

---

[2] These include having lost an arm in a car accident; suffering from Crohn's disease, diabetes, hepatitis C, and depression; enduring various reconstructive facial surgeries – also from an automobile wreck; etc.

its denial on the length of the defendant's prior record and on the failure of "prior efforts at rehabilitation less the incarceration."

From our review we agree that the defendant clearly has a long history of criminal conduct. As a matter of fact, the record reveals that the defendant's criminal history began as a juvenile. Additionally, his string of prior convictions includes driving under the influence, driving on a revoked license, possession of stolen property, theft over five-hundred dollars ($500.00), assaulting an officer, obstruction of justice, and two felony drug offenses. It is also worthy of mention that this sampling of the defendant's record spans the years from 1986 to 1999 and does not include any convictions entered on the same dates.[3] Furthermore, the defendant acknowledged that his drug usage began at the age of eleven and came to involve cocaine, heroin, marijuana, PCP, LSD, etc. His abuse of narcotics continued with some alleged periods of sobriety through November of 1999. Also two failed drug screens formed the basis for the defendant's 1987 probation revocation though he told the presentence investigation officer that he had been drug-free from 1986 to 1988. We further observe that while the defendant has apparently taken commendable steps toward addressing his addictions since November of 1999, the record reveals at least two previous involvements with drug programs that unfortunately did not result in his conquering this problem.

Moving to the question of whether measures less restrictive than incarceration have frequently or recently been applied unsuccessfully to the defendant, this Court determines that the evidence supports such a finding. The presentence report indicates that the defendant has received no jail time for at least eight of his prior misdemeanor convictions.[4] Some of these occurred in the late 1990's. However, he continued to commit criminal offenses showing a disregard for the law. See State v. Mark A. Hill, No. 01C01-9801-CC-00042, 1998 WL 917807 at *2 (Tenn. Crim. App. at Nashville, December 21, 1998); State v. Jeffrey Allen Phillips, No. 03C01-9612-CR-00475, 1998 WL 23265 at *1 (Tenn. Crim. App. at Knoxville, January 15, 1998); State v. Carl E. Campen, No. 01C01-9512-CC-00433, 1997 WL 661728 at *3 (Tenn. Crim. App. October 24, 1997). Moreover, the defendant's parole on a felony drug conviction was revoked in 1993 after he had been on supervised release for a little more than one year, and the 1987 probation revocation was based on failed drug screens.

In sum, the defendant was not entitled to a presumption of suitability for alternative sentencing; the trial court determined that he was not an appropriate candidate for such. He has a lengthy criminal history reflecting a disregard for the law; and measures less restrictive than confinement have frequently or recently been unsuccessfully applied to him. Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

---

[3] We also note that a 1985 misdemeanor conviction was among those not mentioned above and that there seems to have been a period of time in the mid-1990's during which the defendant garnered no additional convictions.

[4] This calculation does not include speeding offenses.